UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JASAM REALTY CORP., CROTONA PROPERTIES,
INC.,

                         Plaintiffs,

    -against-

FIDELITY AND GUARANTY INSURANCE
UNDERWRITERS, INC., ST. PAUL FIRE AND
MARINE INSURANCE CO. AND TRAVELERS
INSURANCE CO.,

                         Defendants.
----------------------------------------------------------------X

MEMORANDUM AND ORDER

CV 13-2333

(Wexler, J.)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 11 2013 ★
LONG ISLAND OFFICE

APPEARANCES:

    NORMAN A. KAPLAN, ESQ., BARRY E. SILVER, ESQ.
    Attorney for Plaintiffs
    JASAM REALTY CORP. and
    CROTONA PROPERTIES, INC.
    111 Great Neck Road
    Great Neck, New York 11021

    DLA PIPER LLP
    BY: JOSEPH G. FINNERTY III, ESQ., ERIC S. CONNUCK, ESQ.
    1251 Avenue of the Americas
    New York, New York 10020-1104

WEXLER, District Judge

    In 2001, Defendant in this action, Fidelity and Guaranty Insurance Underwriters, Inc. ("Fidelity"), commenced an action against Plaintiffs Jasam Realty Corp. ("Jasam") and Crotona Properties, Inc. ("Crotona") (collectively "Jasam and Crotona"). That action (the "2001 Action") sought: (1) to rescind insurance coverage that Fidelity previously issued to Crotona; (2) recovery of expenses incurred as a result of said coverage, and (3) a declaration that Fidelity owed no duty

1

to defend and/or indemnify Crotona in connection with a personal injury action that was then pending in New York State Court (the "State Court Action").

The 2001 Action was tried before a jury in 2003, that found in favor of Fidelity. The United States Court of Appeals for the Second Circuit vacated the jury verdict, and remanded the case for a new trial. In 2006, this court presided over a second trial and the jury, again, found in favor of Fidelity. The court entered judgment in accord with the jury verdict declaring that Fidelity had no duty to defend or indemnify, and a money judgment in the amount of $25,000 for attorneys fees and costs incurred by Fidelity in connection with that action.

Finding error in the special verdict form used by this court, the appellate court again vacated the judgment and remanded the case to this court for a third trial. In September of 2009, shortly before that trial was scheduled to begin, this court held a conference at which the parties agreed to a global settlement of both the 2001 Action and the State Court Action. Pursuant to the parties' agreement, the State Court personal injury lawsuit was settled in the amount of $535,000, with all parties contributing to that amount.[1]

Three years after finally settling the 2001 Action and the State Court Action, Jasam and Crotona commenced an action in New York State court, seeking to recover all fees and expenses incurred in defending the long-settled lawsuits. Fidelity removed the case to this court, and the matter is, once again, before this court. Presently before the court is Fidelity's motion to dismiss.

---

[1] The global settlement provided for $350,000 to be paid by Fidelity, $60,000 to be paid by Jasam and Crotona, and $125,000 to be paid by Surre, Goldberg and Henry Associates an insurance broker that is not a party to the present action.

## DISCUSSION

I. The Settlement

As noted, both the 2001 Action and the State Court Action were settled at the 2009 conference held before this court. While no formal settlement agreement was drafted, the parties' agreement was placed on the record, and is memorialized in the transcript of proceedings which is presently before the court. That transcript reflects counsel for Fidelity's statement that its client would need mutual releases as well as a formal written agreement. Transcript of Proceedings of September 24, 2009 (hereinafter "Tr.") at 4. This court agreed that mutual releases would be ordered, but did not require a separate written agreement, as the terms of the settlement were on the record, and Fidelity would be entitled to a general release. Id.

Counsel for Jasam and Crotona agreed that there was no need for a separate written settlement agreement, and that a settlement agreed to in open court was a valid agreement. Tr. 5. This court agreed with counsel for the plaintiffs in the State Court Action that the settlement would result in general releases of all claims. The court stated that so long as payment was made within thirty days, and an agreement was reached with respect to a workers compensation lien, the settlement would take effect with prejudice. Tr. 6. Counsel for Fidelity then made clear on the record that the settlement was to cover all claims "arising out of the claims or [those] that could have been brought in conjunction with the claims." Tr. 6.

After commenting that the settlement had been a "long, long time in coming," the court stated that it would accept, and "so order" the parties' agreement. Tr. 7. Shortly thereafter, this court entered an order of discontinuance stating that the 2001 Action was discontinued without costs and with prejudice.

3

II. The Present Action

As noted, this action was commenced by Jasam and Crotona in 2013 in New York State Court, and was thereafter removed here. The complaint references the same insurance policy that was at issue in the 2001 Action, and states facts in support of Jasam and Crotona's position there, i.e., that they were entitled to coverage in connection with the defense of the State Court Action. The complaint recites the facts surrounding the proceedings before this court, including the trials, jury verdicts, appeals and remands. With respect to the settlement, the complaint takes the position that Fidelity "intentionally delayed," and "waited to the last moment" before settling. Despite the fact that Fidelity prevailed before two juries, Jasam and Crotona's complaint states that Fidelity settled before the third trial just "before they were likely to lose the re-trial."

Plaintiffs' complaint goes on to characterize the policy at issue in the 2001 Action as having never been rescinded, cancelled, nor expired. The key fact at issue in the 2001 Action – whether Jasam and/or Crotona made material misrepresentations in connection with obtaining the policy – is alleged never to have been proven by Fidelity. Jasam and Crotona allege that as a result of the 2001 Action, they were forced to expend "enormous sums of money," defending their position. The complaint seeks recovery of more than $300,000 in fees and expenses. Jasam and Crotona allege entitlement to such damages pursuant to the doctrine set forth by the New York Court of Appeals in Mighty Midgets v. Centennial Ins. Co., 416 N.Y.S.2d 559 (1979).

III. The Motion to Dismiss

Fidelity seeks dismissal of this action on the ground that any and all claims that might have been raised by Jasam and Crotona, including any claim for attorneys fees, were extinguished by the 2009 global settlement. It is further argued that because the global

4

settlement was a final judgment on the merits, and Plaintiff raised its claim for attorneys' fees in the 2001 Action, Plaintiffs' claim is barred by the doctrine of res judicata. Finally, Fidelity argues that as settling parties, Plaintiffs cannot be characterized a prevailing parties entitled to an award of attorneys fees under the principles announced by the New York Court of Appeals in Mighty Midgets, or any plausible extension thereof.

## DISPOSITION OF THE MOTION

I. The Motion to Dismiss is Granted

A. The Global Settlement Bars This Action

The scope of a settlement depends upon interpretation of the settling parties' intent. Brown v. General Motors Corp., Chevrolet Div., 722 F.2d 1009, 1012 ( 2d Cir. 1983). Where, as here, there is a broad general release of claims, that release also extinguishes any subsequent claim for attorney's fees, whether or not such a waiver is expressly stated. Id.; accord Krumme v. WestPoint Stevens Inc., 238 F.3d 133, 145 (2d Cir. 2000) (noting same rule under New York State law).

Thus, unlike the law in the Third Circuit (relied upon by Plaintiffs), it is clear that the parties need not include an express waiver of attorneys fees to include the waiver of any such claim in a broad global settlement. Valley Disposal, Inc. v. Central Vermont Solid Waste Management Dist., 71 F.3d 1053, 1058 (2d Cir. 1995) (rejecting rationale of Ashley v. Atlantic Richfield Co., 794 F.2d 128, 138 (3d Cir.1986), as setting forth a "much more demanding standard" for fee waivers than that required by the Second Circuit).

As the court's description above makes clear, the proceedings that took place in open court and on the record make clear the parties' intent (as reflected in the unequivocal statements

5

of counsel) to settle – finally, completely, and forever – all claims stated and those that might ever arise out of this protracted insurance coverage dispute. There was never any mention of an intent to reserve any right to pursue a later claim for attorneys' fees. Because the intent of the parties to settle all claims stated, and any arising therefrom, is clear on the record the court holds that Plaintiffs may not pursue the claim stated here.

> B. Even In The Absence Of The Settlement Plaintiff Would Not Be Entitled To An Award Of Attorneys Fees Under New York Law

Even if Plaintiff's claim for fees was not barred by the settlement, and it is, no fair interpretation of Mighty Midgets could serve as a basis for the award sought.

The law in New York is that each party bears the cost of its own attorney fees. See U.S. Underwriters Ins. Co. v. City Club Hotel, LLC, 789 N.Y.S.2d 470, 472-73 (2004) (prevailing party not entitled to fees absent an authorizing "statute, agreement or court rule"). Mighty Midgets recognizes an exception to this rule, authorizing an award of fees when an insured is: (1) "cast in a defensive posture by the legal steps an insurer takes in an effort to free itself from its policy obligations," and (2) prevails on the merits. Id. at 473; see Mighty Midgets, 416 N.Y.S.2d at 564; Farm Family Cas. Ins. Co. v. Habitat Revival, LLC, 938 N.Y.S.2d 126, 129 (2d Dep't. 2012).

In view of the settlement reached, Plaintiffs cannot claim to have "prevailed" on the merits of the settled lawsuit. Accordingly, Mighty Midgets affords no basis for an award of fees. Indeed, the extension of law sought by Plaintiffs would run directly afoul of the recognized principle that the rule in Mighty Midgets is to be narrowly construed. See Liberty Surplus Ins. Corp. v. Segal Co., 420 F.3d 65, 70 (2d Cir. 2005) (Might Midgets not to be construed to allow

the recovery of attorneys fees whenever an insured prevails in a coverage dispute). Accordingly, even if Plaintiffs reserved the right to litigate the attorneys' fees issue, <u>Mighty Midgets</u> would not entitled them to an award where, as here, they have not prevailed on the merits.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted. The Clerk of the Court is directed to terminate the motion appearing at docket entry number 19 in this matter and to thereafter close the file in this case.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
July 11, 2013